```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
APOTEX CORP.,                                                     :
                                                                  :
                                    Plaintiff,                    :
                                                                  :         18-CV-4903 (JMF)
                  -v-                                             :
                                                                  :       MEMORANDUM OPINION
HOSPIRA HEALTHCARE INDIA PRIVATE LIMITED,                         :            AND ORDER
                                                                  :
                                    Defendant.                    :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On July 12, 2019, the Court entered an Opinion and Order dismissing Apotex Corp.'s ("Apotex") tort claims and claims for certain species of damages against Hospira Healthcare India Private Limited ("Hospira") from this case, familiarity with which is presumed. *See Apotex Corp. v. Hospira Healthcare India Private Ltd.*, No. 18-CV-4903 (JMF), 2019 WL 3066328 (S.D.N.Y. July 12, 2019); ECF No. 70. Apotex now moves for clarification or reconsideration of one issue decided in that Opinion: whether it may recover lost profits as "actual damages" under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. Ann. §§ 501.201 *et seq.* The Court held that it could not, *Apotex Corp.*, 2019 WL 3066328, at *9, and adheres to that holding on reconsideration.

Apotex acknowledges that FDUTPA limits recovery to "actual damages, plus attorney's fees and court costs," Fla. Stat. Ann. § 501.211, and that "many courts construing FDUTPA have held that 'actual damages under FDUTPA must be measured as the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.'"

ECF No. 76 ("Apotex Mem."), at 2 n.2 (quoting *Apotex Corp.*, 2019 WL 3066328, at *9). Apotex argues that it should be permitted to maintain a lost-profits claim under FDUTPA, however, because it is a business competitor seeking recovery for unfair trade practices, not a deceived consumer seeking the benefit of its bargain. *Id.* at 2. In support of that argument, Apotex relies principally on *ADT LLC v. Alarm Protection Technology Florida, LLC*, No. 12-80898-CIV, 2013 WL 11276119 (S.D. Fla. Apr. 18, 2013). In that case, the court reasoned that the "accepted definition of damages recoverable in a consumer's FDUTPA claim" — set forth above — "is meaningless in the context of a competitor's claim" because a "competitor has not purchased a worthless product, [it] has lost business and profits." *Id.* at *5. The court therefore concluded that "[a] competitor's actual damages in a FDUTPA case are its 'actual lost profits' suffered by reason of the unfair trade practices." *Id.*

The weight of authority is against *ADT LLC* and Apotex. Substantially for the reasons set forth in *Diversified Management Solutions, Inc. v. Control Systems Research, Inc.*, No. 15-81062-CIV, 2016 WL 4256916, at *5-*6 (S.D. Fla. May 16, 2016), the Court concludes that FDUTPA "actual damages" do not include lost profits even when sought by a competitor rather than a consumer. Briefly stated, *Diversified Management Solutions* explains that Florida courts long interpreted FDUTPA to exclude "consequential damages," a limitation that applied to lost profits, the "'quintessential example' of consequential damages." *Id.* at *5 (quoting *Nyquist v. Randall*, 819 F.2d 1014, 1017 (11th Cir. 1987)).[1] After the Florida legislature amended FDUTPA's cause of action in 2001 to extend to "person[s]," not just "consumer[s]," arguments

---

[1] Apotex maintains that *Nyquist* is inapposite because it "was construing the common law and not FDUTPA." ECF No. 82 ("Reply"), at 10. But "actual damages" under FDUTPA "are those damages recoverable at common law." *Rollins, Inc. v. Heller*, 454 So. 2d 580, 585 (Fla. Dist. Ct. App. 1984).

2

emerged — similar to the one Apotex presses here — that "because businesses can now pursue damages under FDUTPA, the 'actual damages' case law from pre-2001 is no longer applicable because the damages suffered by businesses from unfair competition will necessarily be in the form of lost profits." *Id.* The weight of subsequent authority has rejected that argument, however, concluding that the 2001 FDUTPA amendment changed only who could sue under the statute, not what they could recover. *See id.* at *6.[2] It thus "remains well-settled in Florida that consequential damages in the form of lost profits are not recoverable under FDUTPA." *Five for Entm't S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1331 (S.D. Fla. 2012).

In light of that authority, the cases cited by Apotex, *see* Apotex Mem. 3-8, are insufficient to tip the balance in its favor. First and foremost — and unmentioned by Apotex — the Eleventh Circuit case upon which Apotex chiefly relies explicitly held that the defendant had waived its objection to the lost-profit damages theory. *Marco Island Cable v. Comcast Cablevision of S., Inc.*, 312 F. App'x 211, 214 n.1 (11th Cir. 2009) (per curiam) (noting that the defendant had "not properly presented for review" its argument that expert testimony as to lost profits was "evidence of an incorrect measure of damages under the statute").[3] It follows that

---

[2] *See, e.g.*, *Krupa v. Platinum Plus, LLC*, No. 8:16-CV-3189-T-33MAP, 2017 WL 1050222, at *7 (M.D. Fla. Mar. 20, 2017); *ADT LLC v. Vivint, Inc.* ("*Vivint*"), No. 17-CV-80432, 2017 WL 5640725, at *5 (S.D. Fla. Aug. 3, 2017); *Casa Dimitri Corp. v. Invicta Watch Co. of Am., Inc.*, 270 F. Supp. 3d 1340, 1352 (S.D. Fla. 2017); *Diversified Mgmt. Sols., Inc.*, 2016 WL 4256916, at *6; *BPI Sports, LLC v. Labdoor, Inc.*, No. 15-62212-CIV, 2016 WL 739652, at *6 (S.D. Fla. Feb. 25, 2016); *Terrell v. DIRECTV, LLC*, No. 12-81244-CIV, 2013 WL 451914, at *3 (S.D. Fla. Feb. 6, 2013); *Five for Entm't*, 877 F. Supp. 2d at 1331.

[3] The Court is unpersuaded by Apotex's argument — made for the first time in its reply — that *Marco Island Cable* actually *approved* the district court's admission of lost-profits evidence. *See* Reply 4. In any event, as unpublished Eleventh Circuit opinions go, the Court is more persuaded by *HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 703 F. App'x 814 (11th Cir. 2017) (per curiam), in which the court actually confronted — and squarely affirmed — the district court's holding that "Florida courts have limited damages under [FDUTPA] to direct damages, not consequential damages in the form of lost profits," and cited a prior precedential

cases relying on *Marco Island Cable* for the proposition that FDUTPA recognizes lost-profit damages are, without more, similarly unpersuasive. *See, e.g.*, Apotex Mem. 5-6 (citing *Delta Air Lines, Inc. v. Network Consulting Assocs., Inc.*, No. 8:14-CV-948-T-24 TGW, 2014 WL 4347839 (M.D. Fla. Sept. 2, 2014); and *PODS Enters., LLC v. U-Haul Int'l, Inc.*, 126 F. Supp. 3d 1263, 1286 (M.D. Fla. 2015)). So are the cases cited by Apotex that rely on *Sun Protection Factory, Inc. v. Tender Corp.*, No. 6:04-CV-732-ORL-19KRS, 2005 WL 2484710, at *13-*14 (M.D. Fla. Oct. 7, 2005), in which the court allowed a lost-profits claim to survive summary judgment in a single conclusory sentence. *See* Apotex Mem. 6-7 (citing *Glob. Tech. LED, LLC v. Hilumz Int'l Corp.*, 2017 WL 588669, at *9 (M.D. Fla. Feb. 14, 2017); and *Factory Direct Tires Inc. v. Cooper Tire & Rubber Co.*, No. 3:11-CV-255-RV/EMT, 2011 WL 13117118, at *7 (N.D. Fla. Oct. 24, 2011)).[4] Indeed, even the *ADT LLC* case, which at least provides reasons for including lost-profit damages as "actual damages" under FDUTPA, ultimately relies on authorities that do not themselves contain any reasoning on that point. *See ADT LLC*, 2013 WL 11276119, at *5 (citing *Stockwire Research Grp., Inc. v. Lebed*, 577 F. Supp. 2d 1262, 1269 (S.D. Fla. 2008); and *Sun Prot. Factory, Inc.*, 2005 WL 2484710, at *14). Finally, *Hanson Hams, Inc. v. HBH Franchise Co., LLC*, No. 03-61198CIV, 2004 WL 5470401 (S.D. Fla. Dec. 21, 2004), addressed the issue only in dictum, *id.* at *9 ("Plaintiff does not seek lost profits . . . ."), and although it cites an interesting critique of prevailing Florida law, *see id.* at *9 n.17

---

opinion reaching the same result, *see id.* at 815-16 (internal quotation marks omitted) (citing *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 986 (11th Cir. 2016)).

[4] By extension, the same is true of *Diamond Resorts International, Inc. v. Aaronson*, 371 F. Supp. 3d 1088, 1115 (M.D. Fla. 2019), *see* Reply 8, which relies only on *Factory Direct Tires*.

(citing David J. Federbush, *Damages Under FDUTPA*, Fla. B.J. (May 2004)), it is the prevailing law, and not the critique, that this Court is bound to follow.[5]

Contrary to the cases relied upon by Apotex, Florida law — while perhaps not fully developed on this point — clearly weighs against the inclusion of lost profits in FDUTPA actual damages. Florida courts have consistently held that, "under FDUTPA, the term 'actual damages' does not include special or consequential damages." *Rodriguez v. Recovery Performance & Marine, LLC*, 38 So. 3d 178, 180 (Fla. Dist. Ct. App. 2010) (citing Fla. Stat. Ann. § 501.212(3), which excludes from FDUTPA's cause of action "a claim for damage to property other than the property that is the subject of the consumer transaction"). And Florida courts are similarly consistent that, "[a]ccordingly, lost profits, the 'quintessential example of consequential damages,' are not permitted." *Vivint*, 2017 WL 5640725, at *5 (quoting *Nyquist*, 819 F.2d at 1017); *see Stewart Agency, Inc. v. Arrigo Enters., Inc.*, 266 So. 3d 207, 214 (Fla. Dist. Ct. App. 2019) (noting that "entities frequently do not suffer actual damages from unfair and deceptive practices of competitors. Instead, their damages are frequently special or consequential damages, and thus, not compensable under [FDUTPA]."). Apotex's argument — that the FDUTPA amendment broadening the class of plaintiffs should be understood to have also broadened the types of damages available — makes sense, but it is not logically compelled, and no Florida state court (much less Florida's highest court) has adopted it. "[T]he role of a federal

---

[5] In its reply, Apotex also cites *Allergan USA, Inc. v. Prescribers Choice, Inc.*, 364 F. Supp. 3d 1089 (C.D. Cal. 2019). *See* Reply 2 n.2. But in concluding that "[t]he weight of Florida law supports" Apotex's position "with respect to past lost profits," *Allergan* merely tracks the reasoning of, and follows the same cases as, the cases on which Apotex relied in its initial brief — and is unpersuasive for the same reasons. *See Allergan*, 364 F. Supp. 3d at 1114 (citing *Glob. Tech. LED*, 2017 WL 588669, at *9, which in turn relies on *Factory Direct Tires* and *Sun Protection Factory*, as discussed *supra*).

court sitting in diversity is to determine what state law is, not to change it," *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 307 (S.D.N.Y. 2018), and "[t]he substantive law of Florida, as it currently stands," still "leads to the conclusion that lost profits are consequential damages, and, thus, not recoverable under FDUTPA," *Diversified Mgmt. Sols., Inc.*, 2016 WL 4256916, at *6; *accord BPI Sports*, 2016 WL 739652, at *6.[6]

Apotex's final contention is that its lost profits are "are actually an element of what" the parties' contract "specifies are actual damages." ECF No. 67, at 1; *see* ECF No. 42 ("Apotex MTD Mem."), at 25. If so, then Apotex may ultimately recover those lost profits as damages for its breach-of-contract claim. *Cf. Apotex*, 2019 WL 3066328, at *8 (finding "ambiguous the Agreement's unequivocal statement forbidding damages for 'any lost opportunity or profits,'" in light of the Novation, and denying Hospira's motion to dismiss that damages claim). But whether the parties agreed that the lost-profit damages in question would be available (or not) in the event of a contract breach is, of course, a different question than whether FDUTPA provides for such damages. In fact, if anything, Apotex's argument that the parties' contract "allow[s] Apotex to recover lost profits *as direct damages*" in this situation presupposes that such damages would otherwise be recoverable only as consequential damages at common law — and, thus, would not be available under FDUTPA. Apotex MTD Mem. 25 (emphasis added).

---

[6] It may be that the way the Court characterized the "benefit-of-the-bargain" damages theory in its prior Opinion — to wit, that damages are measured as "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties" — is not the *only* way to characterize actual damages under FDUTPA. *See Apotex Corp.*, 2019 WL 3066328, at *9. Even if another formulation might be more appropriate outside the consumer-fraud context, however, it does not follow (and Florida law does not currently hold) that lost profits are available as "actual damages" under FDUTPA.

For these reasons, and in light of the Florida authority cited above, the Court would dismiss Apotex's FDUTPA claims for lost-profit damages even if it were considering the issue on a blank slate; Apotex certainly does not satisfy the standards applicable to a motion for reconsideration. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017). Accordingly, the Court clarifies (to the extent necessary) that Apotex's FDUTPA claims for lost-profit damages were and are dismissed, and Apotex's motion for reconsideration is DENIED.

The Clerk of Court is directed to terminate Docket No. 75.

SO ORDERED.

Dated: August 13, 2019
      New York, New York

                                        JESSE M. FURMAN
                                     United States District Judge