**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| APOTEX CORP., |
| |
| Plaintiff, |
| |
| v. |
| |
| HOSPIRA HEALTHCARE INDIA PRIVATE LIMITED and HOSPIRA INC., |
| |
| Defendants. |

No. 1:18-cv-04903-JMF

## LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF MARCH 18, 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS

Pursuant to Federal Rule of Civil Procedure 28(b)(1)(A) and in conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, (the "Hague Convention"), the United States District Court for the Southern District of New York (the "Court") has the honor to submit this request on behalf of Apotex Corp. ("Apotex") to The Ministry of Law and Justice.

1. **Sender:**

   The Honorable Jesse M. Furman, United States District Judge
   United States District Court for the Southern District of New York
   Daniel Patrick Moynihan United States Courthouse
   500 Pearl Street
   New York, NY 10007-1312.

2. **Central Authority of the Requested State:**

   Central Authority
   The Ministry of Law and Justice
   Department of Legal Affairs
   4th Floor A-Wing, Shastri Bhavan

New Delhi
110 001 India

**3. Person to Whom the Executed Request is to be Returned:**

James W. Matthews
Foley & Lardner LLP
111 Huntington Avenue, Suite 2500
Boston, MA 02199-7610
Tel: (617) 342-4000
jmatthews@foley.com

**4. Specification of the date by which the requesting authority requires receipt of the response to the letter of request:**

In order for Apotex to comply with its deadline to collect evidence in the above-captioned action, the Court respectfully requests that the Central Authority issue its response in such time as to permit the Letter of Request to be fully executed before February 14, 2020.

**5. a. Requesting judicial authority:**

The Honorable Jesse M. Furman, United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312.

**b. To the Competent Authority of:**

The Ministry of Law and Justice
Department of Legal Affairs
Room No. 439-A, 4th Floor A-Wing, Shastri Bhavan
New Delhi
110 001 India

**c. Names of the case and any identifying number:**

*Apotex Corp. v. Hospira Healthcare India Private Limited and Hospira Inc., Civil Action No.*: 1:18-cv-04903-JMF (United States District Court for the Southern District of New York)

**6. Names and addresses of the parties and their representatives (including representatives in the requested State):**

a. Plaintiff Apotex Corp.

*Represented by*:
FOLEY & LARDNER LLP

James Matthews
111 Huntington Avenue, Suite 2500
Boston, MA 02199-7610

David B. Goroff
321 N. Clark Street, Suite 2800
Chicago, IL 60654-5313

Sara P. Madavo
90 Park Avenue
New York, New York 10016

b. Defendant Hospira Healthcare India Private Limited

*Represented by:*
WILLIAMS & CONNOLLY LLP

Heidi K. Hubbard
Ana Cecilia Reyes
Wendy Zorana Zupac

725 Twelfth Street, N.W.
Washington, DC 20005

c. Defendant Hospira Inc.

*Represented by:*
WILLIAMS & CONNOLLY LLP

Ana Cecilia Reyes
Heidi K. Hubbard
725 Twelfth Street, N.W.
Washington, DC 20005

Wendy Zorana Zupac
650 5th Avenue., Suite 1500
New York, NY 10019

**7.  a. Nature of the proceedings**

Plaintiff Apotex filed this civil lawsuit against Defendant Hospira Healthcare India Private Limited ("Hospira India") and Hospira, Inc. (collectively "Hospira").[1] Apotex alleges that Hospira breached a long-term drug co-development and joint commercialization agreement (the "Agreement") with Apotex and its six amendments, the sixth of which is referred to as the "Novation."[2] Apotex alleges: monopolization, attempted monopolization, breach of contract; and a violation of the Florida Deceptive and Unfair Trade Practices Act. The drug products at issue were manufactured by Hospira at its plant in Irungattukottai, Chennai, India ("IKKT").

During the discovery phase of the lawsuit thus far, Hospira disclosed Kannan Venkatesan ("Mr. Venkatesan"), a former employee of both Orchid Chemicals and Pharmaceuticals, Ltd. ("Orchid") and Hospira, as an individual living in India who possesses relevant information about the lawsuit and witnesses deposed thus far have also emphasized his knowledge of relevant issues. This is also borne out by documents produced in this litigation. Apotex now seeks the evidence described below for use in the case and at trial.

**b. Summary of the complaint:**

Apotex distributes pharmaceutical products in the United States, including generic versions of sterile injectable drugs. Hospira, Inc. is a pharmaceutical company that manufactures

---

[1] Apotex initially filed the complaint against Hospira on June 1, 2018 and then filed a First Amended Complaint on November 5, 2018. Apotex filed a motion for leave to file a Second Amended Complaint and added Hospira Inc. as a party on April 16, 2019. The motion for leave was granted and Apotex filed its Second Amended Complaint on July 26, 2019. A copy of Apotex's Second Amended Complaint as filed is attached as Exhibit A.

[2] Apotex's original counter-party under the Agreement was Orchid, an Indian manufacturer of active pharmaceutical ingredients ("API") and finished pharmaceutical products. Unlike Hospira, Orchid did not sell sterile injectable pharmaceutical products in the United States and was not a competitor of Apotex. Hospira acquired the sterile injectable business of Orchid in or around 2010 and after that acquisition succeeded to Orchid's interests and obligations under the Agreement, except as modified by the Novation.

and/or distributes sterile injectable drugs which compete with Apotex's drugs in the U.S. Market. Hospira India is an Indian corporation with its principal place of business in India and a subsidiary of Hospira, Inc. Hospira, Inc. is a Delaware corporation with its principal place of business in Illinois, and was acquired by Pfizer in or about September 2015. Under the Agreement, Apotex and Hospira agreed to share the profits derived from developing, manufacturing, and distributing a variety of sterile injectable drug products, including, without limitation: cefazolin, ceftriaxone, cefoxitin, cefepime, and piperacillin-tazobactam ("pip/taz") (collectively, the "Shared Profit Drugs" or the "Products"). To facilitate this goal, Apotex agreed to purchase the Shared Profit Drugs exclusively from Hospira, so long as Hospira maintained certain benchmarks. Hospira, in turn, was obligated to supply Apotex with all of its requirements for these Products. However, Apotex alleges that Hospira materially and repeatedly failed to supply Apotex with the Shared Profit Drugs that Apotex requested as the Agreement required.

Apotex believes that Hospira materially breached the Agreement by, among other things: (a) systematically and continuously failing to meet its drug supply obligations; (b) failing to procure "active pharmaceutical ingredients" ("API") and other components necessary for the manufacture of drugs for Apotex; c) failing to comply with regulatory requirements of the United States Food and Drug Administration ("FDA"); (d) failing to prioritize the manufacturing of Shared Profits Drugs for Apotex ; (e) failing to source replacement Products for Apotex when Hospira could not fill Apotex's purchase orders; (f) wrongfully entering into contracts, commitments, or agreements that impaired or inhibited Apotex's ability to perform its obligations under the Agreement; (g) failing to pay Apotex royalties on sales of cefazolin Products to a limited group of customers defined as "Permitted Customers" under the Agreement and failing to adhere to the supply price to these customers that Orchid (and later Hospira) had promised; (h) wrongfully

selling, offering for sale, manufacturing, supplying or otherwise providing cephalosporin drug Products and/or their API to third parties in violation of the exclusivity and non-compete provisions of the parties' Agreement; (i) misusing Apotex's confidential price and other financial information to compete with Apotex; and (j) now shuttering the sole plant where Shared Profit Products have been manufactured, while leaving Apotex's backorders unfilled.

In addition, Apotex alleges that Hospira's course of conduct constituted unfair competition, including its exploitation of its failure to timely supply Apotex with Products as a means to take customers from Apotex and its misappropriation and misuse of Apotex's confidential information , and that this conduct violated the Florida Unfair and Deceptive Trade Practices Act. Finally, Apotex alleges that Hospira engaged in monopolization and attempted monopolization prohibited by the Sherman Antitrust Act.

**c. Summary of defense and counterclaim:**

Hospira filed a partial motion to dismiss the antitrust claims of Apotex's Second Amended Complaint on August 18, 2019, which is pending. On November 1, 2019 Hospira filed an amended partial answer[3] denying Apotex's allegations of breach of contract and raising affirmative defenses to these allegations. Hospira also filed a counterclaim for breach of contract alleging that Apotex breached the contract by entering into a contract with a third party pharmaceutical company to obtain certain of the Products Hospira had agreed to supply. Apotex has denied these counterclaim allegations and asserted affirmative defenses as to these.

**8. a. Evidence to be obtained or other judicial act to be performed**

---

[3] Hospira initially filed its partial answer on October 25, 2019.

This Court respectfully requests that the Ministry of Law and Justice cause the appropriate orders to be issued to allow Apotex to take the deposition of the individual as identified in Section 9 for use in the case and at trial in the proceedings.

**b. Purpose of the evidence or judicial act sought**

As the witness named in Paragraph No. 9 below is outside of the subpoena power of this Court and cannot be subpoenaed to appear as a witness in this case, the testimony sought in this Letter of Request will be used at trial in the above-captioned case before the United States District Court of the Southern District of New York.

Specifically, the witness, Mr. Venkatesan, had been an employee of Orchid working with Apotex even before the contract was taken over by Hospira and has knowledge of the contract terms and Orchid's performance under the contract during that time. He then became an employee of Hospira and was Hospira India's Commercial and Business Development General Manager during the relevant time, and was the employee based in India who had principal responsibility for the relationship with Apotex. Mr. Venkatesan had knowledge of: (a) Orchid's relationship with Apotex prior to Orchid's sale of its sterile injectable business to Hospira; (b) the terms of the Contract, Hospira's obligations thereunder, and Hospira's failure to meet those obligations; (c) Hospira's failure to obtain adequate API to manufacture Products for Apotex and failure to source API for Apotex from third parties; (d) Hospira's failure to deliver Products to Apotex on time and Hospira's consistent back-ordering of Apotex's Products; (e) Hospira's failure to source Products from third parties when it could not supply these itself; (f) what Hospira described as "events" at IKKT which led to delays in the manufacturing of Products for Apotex; (g) problems with the FDA at IKKT that led to delays, including FDA audits, warning letters, and Form 483 communications and its insistence that Hospira use a third party to validate that its

shipments complied with regulatory obligations; (h) Hospira's decision to shut down the IKKT plant because of regulatory issues, including for four months in 2016 and again in 2018; (i) recall of Products made for Apotex; (j) misuse by Hospira of Apotex's confidential information, including price information; (k) Hospira's manufacture and sale of rival drug Products, including Maxipime ™; (l) Apotex forecasts and purchase orders; (m) written and oral communications with Apotex, including in-person meetings, including a meeting dated on or about June 20, 2013; and (n) the closing of IKKT while backorders for Apotex remained unfilled.

As such, the testimony concerning the topics in Paragraph No. 10 that the witness will be able to provide bear directly on Apotex's allegations in the above-captioned matter. This witness is uniquely positioned to provide testimony on these topics and their testimony is material to the above-captioned case.

## 9. Identity and Address of Persons to be Examined

>Kannan Venkatesan
>India
>Plot No. 388, Meenakshi School
>Street, Gnanamurthy Nagar,
>Ambattur, Chennai – 600 053

## 10. Questions to be put to the person to be examined or statement of the subject-matter about which he is to be examined:

Subject matter to consist of the witness' knowledge of the following topics:

- Negotiation of the Agreement and amendments between Orchid and Apotex and Orchid's performance under that contract prior to the sale to Hospira of its sterile injectable business;

- Hospira's performance under the Contract;

- Hospira manufacturing operations at IKKT, including the production and dispatch of materials;

- Hospira's failure to supply Product to Apotex in the time, quantity or quality ordered;

- Hospira's failure to obtain adequate API and other components of drugs to supply Apotex;

- Problems at IKKT with the FDA;

- "Events" and other problems with production at IKKT;

- Shutdowns of the IKKT plant;

- Recalls of drug Products manufactured for Apotex;

- Hospira's misuse of Apotex's confidential pricing and financial information;

- Manufacturing, dispatch and sale of Hospira products that competed with Apotex's, including Maxipime™;

- Apotex purchase orders and forecasts; and

- Communications with Apotex about the parties' relationship, including in-person meetings.

## 11. Documents or other property to be inspected

This request does not currently seek the production of documents, but the Court respectfully requests that counsel for Apotex be permitted to seek from the witness such specific documents which are in his possession, custody and/or power that are relevant to the subject matters set forth above in No. 10 and as may be identified during the course of the examination.

**12. Any requirement that the evidence be given an oath or affirmation and any special form to be used:**

This Court respectfully requests that the examinations be conducted under oath.

**13. Special Methods or Procedures to be followed:**

a. This Court respectfully requests that the testimony of the witness be taken orally by counsel for the parties and be recorded verbatim by a stenographer (court reporter) in writing. This Court respectfully requests that the parties be permitted to arrange, at their expense, for the attendance of a privately employed stenographer (court reporter);

b. The Court further requests that the testimony be videotaped. The Court respectfully requests that the parties be permitted to arrange, at their expense, for the attendance of a privately employed videographer;

c. This Court respectfully requests that, unless the witness requests to testify in another language, the examinations be conducted in English. If the witness requests to testify in another language, the Court requests that the parties be permitted to make arrangements, at their expenses, for the attendance of a privately-employed interpreter or, should that not be acceptable, an interpreter assigned by the Central Authority;

d. This Court respectfully requests that counsel for the parties be permitted to attend the deposition, and that counsel for the parties be permitted to ask follow up questions and show the witness documents in this context;

e. This Court respectfully requests that the witness be examined as soon as possible;

f. This Court requests that to the extent that any of these requests cannot be granted that the execution of these requests be performed according to applicable law.

**14. Request for notification of the time and place for the execution of the Request and the identity and address of any person to be notified:**

This court respectfully requests that counsel for Apotex (James W. Matthews Foley & Lardner LLP, 111 Huntington Avenue, Suite 2500, Boston, MA 02199-7610, Tel: +1 617 342 4000, Email: jmatthews@foley.com) be notified of the date, time, and place of the examination. The examination will take place at a time and location to be determined by the Ministry of Justice and/or Apotex and Hospira, but no later than February 14, 2020.

**15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:**

   Not applicable.

**16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin:**

   The witness may decline to divulge information subject to any applicable privilege,

protection or immunity.

**17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:**

   Apotex and Hospira, as they may agree or as may be ordered by the Court.

**18. Signature and Seal of the Requesting Authority:**

   This Court expresses its appreciation for the assistance and courtesy of the courts of India

in this matter, and states that it shall be ready and willing to assist the courts of India in a similar

manner when required.

Dated:  January 3, 2020
        New York, New York

Respectfully Submitted,

By: _____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE
United States District Court for the
Southern District of New York