UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
APOTEX CORP., :
:
Plaintiff, :
: 18-CV-4903 (JMF)
-v- :
: MEMORANDUM OPINION
HOSPIRA HEALTHCARE INDIA PRIVATE LTD. et : AND ORDER
al., :
:
Defendants. :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On January 6, 2020, the Court granted Defendants' motion to dismiss Plaintiff's antitrust claims. *See* ECF No. 124, at 15. The Court also ordered the parties to file supplemental briefing addressing whether the Court should exercise supplemental jurisdiction over the remaining state-law claims. *Id.* at 17. After reviewing the parties' briefing, ECF Nos. 127 & 128, the Court declines to exercise supplemental jurisdiction and hereby orders that the case is DISMISSED.

The Court "may" decline to exercise supplemental jurisdiction because it has dismissed "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When § 1367(c)(3) applies the district court must still meaningfully balance the supplemental jurisdiction factors" — *i.e.*, judicial economy, convenience, fairness, and comity. *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 86 (2d Cir. 2018). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of [these] factors . . . will point toward declining to exercise jurisdiction over the remaining state-law clams." *Pension Benefit Guar. Corp. ex. rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) (internal quotation marks omitted).

Here, the balance weighs in favor of declining to exercise supplemental jurisdiction. The interests of fairness and comity weigh heavily in favor of "procuring for [the parties] a surer-footed reading of applicable law" from state courts. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). As reflected in the parties' briefing, Plaintiff's contract claims and Defendant's unresolved motion to dismiss Plaintiff's claim for punitive damages, *see* ECF No. 70, at 17 & n.5; ECF No. 124, at 17, implicate potentially unsettled areas of New York law. *Compare* ECF No. 87, at 23-25, *with* ECF No. 85, at 22-23. These issues should be addressed in state court.

In addition, the interests of judicial economy and convenience will be served by dismissal because "this case is far from trial-ready," and discovery can continue in state court. *See Colón v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 15-CV-7432 (NSR), 2019 WL 5294935, at *12 (S.D.N.Y. Oct. 17, 2019). As Defendants acknowledge, significant discovery and pretrial litigation remain, including the prospect of "more motions for letters rogatory." *See* ECF No. 127, at 3-4. Any discovery that has already been completed — including the deposition of Kannan Venkatesan, ECF No. 123, at 11 (requiring completion by February 14, 2020) — can be incorporated into the state court proceedings at the direction of the state court.

Accordingly, the case is dismissed in its entirety, without prejudice to refiling the remaining claims in state court. Any pending motions are moot and should be terminated. All conferences are canceled. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: February 19, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge